# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 18-60178
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**
August 30, 2019

Lyle W. Cayce
Clerk

LEILA BARBOSA DIAS-OLIVEIRA,

Petitioner

v.

WILLIAM P. BARR, U. S. ATTORNEY GENERAL,

Respondent

Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A098-982-171

Before WIENER, HAYNES, and COSTA, Circuit Judges.

PER CURIAM:*

Leila Barbosa Dias-Oliveira challenges the Board of Immigration Appeals's ("BIA") denial of her motion to reopen her removal proceedings. We DENY her petition.

In 2005, an Immigration Judge ("IJ") ordered Dias-Oliveira removed during an *in absentia* hearing. But Dias-Oliveira did not leave the United

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 18-60178

States until she voluntarily returned to Brazil in 2009. Dias-Oliveira reentered the United States in 2016, at which point her 2005 removal order was reinstated. Dias-Oliveira moved to reopen her removal proceedings pursuant to the IJ's *sua sponte* regulatory authority under 8 C.F.R. § 1003.23(b)(1). The IJ concluded, *inter alia*, that she lacked jurisdiction to consider Dias-Oliveira's motion under § 1003.23(b)(1)'s departure bar. The BIA affirmed, and Dias-Oliveira timely petitioned for review.

We have repeatedly held that "we lack jurisdiction to review the BIA's decision to decline *sua sponte* reopening." *Hernandez-Castillo v. Sessions*, 875 F.3d 199, 206 (5th Cir. 2017); *see Alvarez-De Sauceda v. Barr*, 769 F. App'x 149, 150 (5th Cir. 2019) (per curiam). But we have also held that "we *do* have jurisdiction to review the BIA's determination that a legal barrier prevents it from exercising [its] discretion in the first place." *Rodriguez-Saragosa v. Sessions*, 904 F.3d 349, 355 (5th Cir. 2018); *see Ovalles v. Holder*, 577 F.3d 288, 291–98, 300 (5th Cir. 2009) (per curiam). Thus, we conclude that we have jurisdiction to consider the merits of Diaz-Oliveira's motion.

We agree that the departure bar precludes Diaz-Oliveira's motion. An IJ may "reopen or reconsider any case in which he or she has made a decision," but not if the motion is made "by or on behalf of a person who is the subject of removal, deportation, or exclusion proceedings subsequent to his or her departure from the United States." 8 C.F.R. § 1003.23(b)(1). We have previously held that the departure bar applies "to regulatory motions to *sua sponte* reopen proceedings." *Lugo-Resendez v. Lynch*, 831 F.3d 337, 341 (5th Cir. 2016); *see Navarro-Miranda v. Ashcroft*, 330 F.3d 672, 675–76 (5th Cir. 2003). Because Diaz-Oliveira challenges her 2005 removal order subsequent to her departure from the United States in 2009, the IJ lacked jurisdiction to consider her motion to reopen her removal proceedings. Thus, we DENY the petition for review. We also DENY her motion to appoint counsel.